FILED
SUPERIOR COURT
OF GUAM

2021 JAN 28 PM 5: 20

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

PERSONAL FINANCE CENTER,

Plaintiff,

vs.

SABU S. KALLINGAL,

Defendant.

Superior Court Case No. CV0279-20

**DECISION AND ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Court here considers Plaintiff Personal Finance Center's ("PFC") Motion for Summary Judgment. After reviewing the record and relevant law, the Court finds that Defendant Sabu Kallingal failed to provide specific facts indicating a genuine issue for trial. The Motion for Summary Judgment is therefore GRANTED.

## I.   UNDISPUTED FACTS

PFC holds a note executed by Kallingal. Decl. ¶ 3 (Nov. 23, 2020); Def.'s Answer ¶ 2 (Aug. 17, 2020) (admitting that PFC holds a note). PFC alleges that Kallingal failed to make payments required by the note and seeks a judgment for the balance owed on the note, $7,284.12; for the accrued interest, $1,115.62; for interest at the rate of 22.5% from February 20, 2020, to the date of judgment; and for attorney fees, $1,259.96. Decl. ¶ 4. Kallingal admits that she failed to make payments required by the note. Def.'s Answer ¶ 3. However, she offers no alternative calculation as to the amounts due.

ORIGINAL

## II.   LAW AND DISCUSSION

Under GRCP 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(c).

When a motion for summary judgment is made, an adverse party may not rest upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing that there is a genuine issue for trial. GRCP 56(e). When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9. *See also John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp..*, 22 F.3d 458 (2nd Cir. 1994). Contractual language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.* 22 F.3d 458, 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards* at ¶ 9 (quoting 18 GCA § 87102).

It is undisputed that Kallingal executed the note and that she failed to make payments required by the note. Answer ¶¶ 2-3. Since failing to make payments required by the note



constitutes a "Payment Default," PFC was permitted to accelerate the balance owed on the Note, which it did in February 2020. Accordingly, upon acceleration, Kallingal was obligated to pay the entire unpaid principal balance and accrued interest.

PFC's calculations are supported by its evidence and are undisputed. The Note indicates an execution date of April 4, 2019, at which time PFC lent Kallingal $7,450 at an annual percentage rate of 23.043%, to be calculated at a rate of 22.5%. The payment schedule required Kallingal to pay PFC thirty-five monthly payments of $288.74, beginning May 5, 2019. Payments were to be applied first to any accrued unpaid interest and then to the principal. The balance alleged by PFC indicates that Kallingal did make some payments on the loan and a portion of the payments went towards the principal balance. While Kallingal does not provide evidence of any payments made prior to default, PFC, on the other hand, presents the declaration of its Collections Manager, Lizama, which confirms that the principal balance owed by Kallingal as of February 2020 is $7,284.12. Since Kallingal presents no evidence establishing an issue of material fact as to the principal balance owed, the Court finds that, at the time Kallingal defaulted, the principal balance due on the Note was $7,284.12.

On the issue of interest, the note provides that Kallingal promised to pay the principal balance "together with interest on the unpaid principal balance." The second page of the note, under the "Lenders Rights" provision, explicitly provides that "Lender may declare the entire unpaid principal balance under this note and all accrued and unpaid interest immediately due." Compl., Ex. A. Since Kallingal provides no evidence refuting the plain language in the note, the Court finds no issue of material fact as to whether Kallingal is obligated to pay the accrued interest prior to default.


ORIGINAL

For the additional interest, page one of the note explicitly indicates the interest rate is to be calculated at 22.5%, and the "Interest After Default" provision states, "whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note." While not clearly stated in the Note, the declaration of Lizama indicates that the additional interest accrues until Judgment is entered. Accordingly, the Court finds no issue of material fact as to whether Kallingal is obligated to pay the interest that accrues on the total sum due upon default at a rate of 22.5% from February 20, 2020 until Judgment is entered.

As for attorney's fees and costs, the second page of the Note under the "Attorneys' Fees: Expenses" section expressly states that Kallingal is liable for PFC's reasonable attorney fees and expenses incurred while collecting under the note. Compl., Ex. A. The attorney fees requested by PFC, however, may not exceed 15% of the unpaid debt after default. Accordingly, the Court finds no issue of material fact as to whether Kallingal is obligated to pay reasonable attorney fees and expenses incurred by PFC in collecting on the Note. Furthermore, since $1,259.96 does not exceed 15% of the unpaid debt after default, the Court finds that this is a reasonable request for attorney fees and expenses under the Note.

Accordingly, the Court finds that summary judgment is proper for PFC because the Note and declaration of Elizabeth Lizama establish that upon default Sabu Kallingal is liable to pay (1) the principal balance of $7,284.12; (2) total accrued interest owed prior to default of $1,115.62; (3) additional interest that accrues from February 20, 2020 until Judgment is entered at a rate of 22.5%; and (3) PFC's reasonable attorney fees and expenses of $1,259.96.

III.    **CONCLUSION**

For the above reasons, the Court GRANTS Plaintiff's Motion for Summary Judgement.



PFC may submit a proposed judgment consistent with this Decision and Order.

SO ORDERED, this 28th day of January 2021.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE
I acknowledge that an c·
copy of the original was e-mailed

_M. Beggs_
_V. Williams_
Date: _____ Time: 1/25/21
_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Mark S. Beggs, The Law Offices of Duncan G. McCully, P.C., for Personal Finance Center
Vanessa L. Williams, Law Office of Vanessa L. Williams, P.C., for Sabu Kallingal

